Gaston, J.
 

 It seems to us clear, that it was the intention of the testator to bequeath to the plaintiff, the absolute property in the boy Larkin. To hold that he was excepted out of the gift to his wife, would be to make the testator die purposely intestate as to this boy, for unless he be included in this gift, there is not only no disposition of him during her
 
 *396
 
 life, but he does not fall within the disposition which is to ta^e effect at he1’ death, for
 
 that
 
 is manifestly confined to the same property, which in the previous part of the clause was bequeathed to her. To hold that the exception of Larkin is not from the entire restriction imposed upon the gift of the other property, but only from that part of the restriction which withholds the power of sale or alienation, would be absurd. No reason can be imagined for the testator expressly prohibiting such a power, as inconsistent with an interest for life in the other property, and cautiously providing that the prohibition should not attach to air interest for life in the boy. The only other interpretation that remains, is the one which we adopt, that the exception, with respect to the boy Larkin, is from the restriction imposed upon the gift of the other property, whereby that gift is reduced to an estate for life. The phrase, that “ she is not allowed to sell nor dispose of said effects in any way,” immediately following the wor^l| “during her life,” is obviously used out of abundant caution to declare the testator’s intent, that a life estate, and no more than a life estate was intended to be given in these effects, and both taken together, constitute
 
 the restriction
 
 from the operation of which the gift of Larkin was to be excepted. The position taken by the defendant, that the jury should have been instructed to find, not the entire value of the negro boy, but only the value of the plaintiff’s life interest therein,is predicated upon the supposition that the plaintiff had but an interest therein for life. As this supposition is deemed by us unfounded, we need not enquire, and therefore forbear to say, whether that position would have been correct or incorrect, had the title been such as was supposed.
 

 Per Curiam, Judgment affirmed.